PER CURIAM.
This is an appeal by the defendant Anasta-cio Figueroa from (1) judgments of conviction for (a) kidnapping with a deadly weapon [§§ 787.01(1), (2), 775.087(1), Fla.Stat. (1991) ], (b) attempted sexual battery with a deadly weapon [§§ 794.011(3), 777.04(4)(b), Fla.Stat. (1991) ], and (c) grand theft, second degree [§ 812.014(l)(b), Fla.Stat. (1991) ] entered upon adverse jury verdicts; and (2) consecutive sentences of life imprisonment, thirty-years imprisonment, and ten-years imprisonment, respectively, entered upon the above judgments as a habitual felony offender [§ 775.084(l)(a), (4)(a), Fla.Stat. (1991)]. We find no merit in the two points raised by the defendant on appeal and affirm.
First, the trial court did not, as urged, commit reversible error by denying the defendant’s pretrial motion to suppress a photographic lineup identification of the defendant by the complainant in this case. The photographic lineup was neither impermissi-bly suggestive nor did it give rise to a substantial likelihood of irreparable misidentifi-cation. See Grant v. State, 390 So.2d 341 (Fla.1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).
Second, the trial court did not, as urged, err in sentencing the defendant under the habitual offender act as a habitual felony offender [§ 775.084(l)(a), (4)(a), Fla.Stat. (1991) ]. Contrary to the defendant’s argument, there was unchallenged evidence adduced below that the defendant was released on parole on the last of his many prior felony convictions within five years of the date of the commission of the offenses in the instant case as required by Section 775.084(l)(a)2, Florida Statutes (1991). The presentence investigation report filed in this case indicates that the defendant was released on parole in December 1986 on a series of 1976 New Jersey felony convictions (R. 114); the offenses in the instant case were committed May 13, 1991 or within four and one-half years of the defendant’s release on parole. The defendant at no time challenged this factual scenario below.
The judgments of conviction and sentences under review are, in all respects,
Affirmed.